IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CAROLYN WEBB,                          :
                                       :
            Plaintiff                  :
                                       :
VS.                                    :
                                       :      **7 : 05-CV-126 (HL)**
JO ANNE B. BARNHART,                   :
Commissioner of Social Security,       :
                                       :
            Defendant.                 :
_____

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on December 12, 2005, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her initial application for disability and Supplemental Security Income benefits in December 2001, alleging disability since April 16, 2001, due to lupus, back and neck problems, bleeding ulcers, leg pain and depression. This application was denied throughout all administrative levels, with the ALJ determining that the plaintiff did not suffer from any severe impairments. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ erred in his severity and credibility determinations, and that he erred in refusing to further develop the record.[1]

The plaintiff was 58 years of age at the time of the hearing before the ALJ in March 2004.

_____

[1]Plaintiff also filed a second disability application, which resulted in a favorable decision in October 2004. Thus the period under consideration herein is the closed period between April 16, 2001, the alleged onset date, and September 30, 2004.

She resides in Blakely, Georgia with her husband and four (4) other people in a group home called the Open Door Mission. The medical evidence of record is limited, inasmuch as the plaintiff reported an inability to afford medical treatment and her resulting failure to seek same.

### *Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

### *Severity*

The ALJ herein reached Step two of the sequential evaluation process, and found that none of the plaintiff's impairments were severe, as that term is defined in the regulations. At Step two

2

of the sequential evaluation process, the ALJ determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. "Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that [his] impairment is not so slight and its effect is not so minimal." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The ALJ determined that "the claimant's impairments fail to produce more than a minimal effect on her ability to perform basic work activities. Therefore, the claimant does not have a 'severe' impairment, and she has failed to overcome the burden at the second step of the sequential evaluation process in establishing the existence of a 'severe' impairment." R. at 24. The ALJ specifically found that

> the objective findings in this case fail to provide strong support for the allegations of symptoms, which produce significant limitations on the claimant's ability to perform basis work activities. . . . The claimant's diagnosis of Lupus is not supported by Dr. Lang's treatment notes or any other credible medical evidence. . . . The claimant's statements concerning her impairments and the impact on her ability to work are not credible in light of the claimant's assertions and information in the documentary reports, and the reports of the treating and examining physicians.

R. at 25.

The court finds that the ALJ's determination that the plaintiff did not suffer from any "severe" impairments is not supported by substantial evidence. The ALJ clearly limited his severity analysis to whether plaintiff's conditions "significantly limited her ability to do basic work activities", with no application or consideration of whether plaintiff's conditions were "not

so slight and its effect is not so minimal." <u>McDaniel</u>, 800 F.2d at 103.  Additionally, although the record contains a diagnosis of lupus, the ALJ disregards this diagnosis on the basis that it is not supported by treatment notes or other credible evidence.  However, as the plaintiff points out, Dr. Lang's letter providing a lupus diagnosis is dated February 4, 1988, and by the time the Social Security Administration sought treatment records underlying this diagnosis from the Medical University of South Carolina in October 2003, any treatment records were likely destroyed.[2]

Moreover, the court notes that the ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts".  <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981).  Herein, in addition to a diagnosis of lupus, the plaintiff testified to experiencing physical effects from the disease, including being easily fatigued, experiencing difficulty breathing, uncontrollable coughing, and adverse reactions to sun exposure.  "[T]he ALJ should order a consultative exam when evidence in the record establishes a reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability."  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1169 (10th Cir. 1997).

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND**

---

[2]The plaintiff reports that the Medical University of South Carolina has a policy to hold records for a period of fifteen (15) years.

**REMANDED** for further development, pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 23rd day of January, 2007.

/s/ ***Richard L. Hodge***_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb